U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 1 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK L. JEFFERSON, Petitioner | CIVIL ACTION NO. 1:16-CV-409; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Petitioner Frederick L. Jefferson (#14702-076) on March 24, 2016. (Doc. 1). Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges his 1996 criminal conviction of first degree murder in the United States District Court for the Western District of Tennessee.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

Petitioner does not provide any factual or procedural history regarding his conviction. According to the published jurisprudence, Petitioner was convicted of conspiring to unlawfully interfere with interstate commerce by force and interfering with interstate commerce by force in violation of 18 U.S.C. § 1951, use of a firearm during a crime of violence in violation of § 924(c), murder to prevent a witness from

communicating with law enforcement in violation of § 1512(a)(1)(C), and transportation of a stolen motor vehicle in interstate commerce in violation of § 2312. See United States v. Jefferson, 149 F.3d 444, 445 (6th Cir. 1998). He was sentenced to life plus sixty months in prison. Id. Petitioner's conviction and sentence were affirmed on appeal. Id.

On December 3, 1999, Petitioner submitted to the court of conviction a motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255. The motion for extension was denied on December 20, 1999. Petitioner did not, thereafter, file a § 2255 motion. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 89].

In 2010, Petitioner filed a motion to set aside his judgment of conviction for violating the Double Jeopardy Clause of the Fifth Amendment. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 91]. Petitioner's argument was based on the fact that he was first charged with murder in the Circuit Court for Gibson County, Tennessee, and was acquitted by a jury in that court. He contends that only after his acquittal did law enforcement authorities seek a federal indictment. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 92]. The motion was denied based on the well-established doctrine of dual sovereignty. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 96].

In April 2014, Petitioner filed a motion to dismiss his conviction for lack of jurisdiction. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 92]. The motion was denied. Petitioner appealed to the Sixth Circuit Court of Appeals, which affirmed the order and found Petitioner's argument frivolous. [Case 1:95-cr-10004 (W.D. Tenn.); Doc. 92].

In his § 2241 petition before this Court, Petitioner raises the Double Jeopardy argument that he previously presented in the court of conviction.

## Law and Analysis

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at or prior to sentencing. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). A motion to vacate, set aside, or correct sentence must be filed in the district where the person seeking relief was sentenced. See Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987). Thus, to the extent that Petitioner seeks to challenge his murder conviction, he must do so in the district court of conviction.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). However, under the "savings clause" of § 2255, a prisoner may use § 2241 as the vehicle for attacking the conviction only if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. Neither a prior unsuccessful § 2255 motion nor a procedural bar will suffice to demonstrate that § 2255 is inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has not shown that § 2255 is inadequate or ineffective. The fact that Petitioner would now likely be time-barred from filing a § 2255 motion does not make the remedy inadequate or ineffective. See id. Moreover, Petitioner's double jeopardy argument has been addressed by the court of conviction.

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED** for lack of jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 1st day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge